Kevin C. Barrett, State Bar No. 020104
Jennifer M. Bahling, State Bar No. 013260
**BARRETT & MATURA, P.C.**
8925 E. Pima Center Parkway, Suite 215
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5711
Email: kbarrett@barrettmatura.com
       jbahling@barrettmatura.com

*Attorneys for Plaintiff Redwood Fire and Casualty Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Redwood Fire and Casualty Insurance Company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Camping Car USA, Inc.; Kyu In Lee; and Ethan Park, by and through his guardian, Sujung Lee,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Redwood Fire and Casualty Insurance Company ("Redwood"), through its counsel undersigned and for its Complaint for Declaratory Relief, hereby alleges as follows:

1. Redwood is an insurance company, incorporated in Nebraska, with its principal place of business and citizenship in the State of Nebraska.

2. Upon information and belief, Defendant Camping Car USA, Inc. ("Camping Car") is incorporated in California with its principal place of business and citizenship in the State of California.

3. Upon information and belief, Defendant Kyu In Lee ("Lee") is a resident of California. His state of citizenship is California.

4. Upon information and belief, Defendants Ethan Park, and his guardian ad litem, Sujung Lee (collectively referred to as "Park"), are residents of South Korea. Their citizenship is in South Korea.

5. This court has jurisdiction under 28 U.S.C. § 1332(a)(3). There is diversity among the parties and the amount in controversy with regard to the underlying dispute is in excess of $75,000.

6. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391. The events giving rise to the underlying claim occurred in the State of Arizona.

7. This action for declaratory relief arises from certain claims asserted in the lawsuit captioned *Ethan Park et al. v. Camping Car USA, Inc. et al.,* pending in the Superior Court of California, County of Los Angeles, cause number 19 ST CV 18222 ("the underlying lawsuit").

8. In the underlying lawsuit, Park has asserted various negligence claims against Defendants Camping Car and Lee. Park has alleged that on December 30, 2018, he was a passenger on a tour bus owned and operated by Camping Car and travelling from California to the Grand Canyon, in Arizona. Lee was the driver of the tour bus. He alleged that after arriving at the Grand Canyon, the passengers were encouraged to disembark and walk freely and unsupervised around the Grand Canyon. While Park was walking, away from the tour bus, he fell over the edge and suffered significant injuries. He seeks compensatory damages in the underlying lawsuit.

9. The tour bus was parked at the time of the underlying accident. The accident occurred while Park was hiking "off trail" on the South Rim Trail when Park lost his balance and fell from a rocky outcropping near Little Mather Point, a significant distance away from the tour bus. Park has alleged Camping Car was negligent in failing to issue proper warnings to the tour passengers and allowing the tour passengers to walk freely in the area where the accident occurred. He further alleges negligent hiring and supervision.

10. Redwood issued a Business Auto Policy, policy number 01 APM 004857 – 05 to Camping Car USA, Inc., effective 08/01/18 – 08/01/19 ("the Policy"). The Policy provides certain liability coverage.

11. The policy states as follows:

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
>
> * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages….

12. The underlying lawsuit was tendered to Redwood. Redwood has agreed to investigate the claims against Defendants Camping Car and Lee and participate in the defense of Camping Car and Lee in the underlying lawsuit under a reservation of rights. The above policy provisions have been cited in reservation of rights letters to the insureds.

**First Claim for Declaratory Relief**

**(Duty to Defend)**

13. Redwood hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

14. The Policy provides coverage only for an "accident" that causes "bodily injury" and only to the extent it results from the "ownership, maintenance or use of a covered auto."

15. The "accident" that caused Park's "bodily injury" did not result from the "ownership, maintenance or use" of the tour bus.

16. As a result of the above-referenced provisions, the claims against the insureds in the underlying lawsuit are not covered under the Policy, and Redwood has no duty to defend Camping Car and/or Lee in the underlying lawsuit.

3

17. For these and other reasons, and due to a dispute as to whether Redwood has a duty to defend Camping Car and Lee in the underlying lawsuit, or participate in the defense of the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Policy.

18. Redwood therefore seeks a judicial determination of its rights and obligations under the Policy with respect to its duty to defend Camping Car and Lee in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Redwood may ascertain its rights and obligations under the terms of its Policy.

**Second Claim for Declaratory Relief**

**(Duty to Indemnify)**

19. Redwood hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

20. The Policy provides coverage only for an "accident" that causes "bodily injury" and only to the extent it results from the "ownership, maintenance or use of a covered auto."

21. The "accident" that caused Park's "bodily injury" did not result from the "ownership, maintenance or use" of the tour bus.

22. As a result of the above-referenced provisions, the claims against the insureds in the underling lawsuit are not covered under the Policy, and Redwood has no duty to indemnify Camping Car and/or Lee in the underlying lawsuit.

23. For these and other reasons, and due to a dispute as to whether Redwood has a duty to indemnify Camping Car and Lee in the underlying lawsuit, or to contribute to the indemnity of Camping Car and Lee in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Policy.

24. Redwood therefore seeks a judicial determination of its rights and obligations under the Policy with respect to its duty to indemnify Camping Car and Lee in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Redwood may ascertain its rights and obligations under the terms of its Policy.

**Third Claim for Declaratory Relief**

**(Coverage)**

25. Redwood hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

26. The Policy provides coverage only for an "accident" that causes "bodily injury" and only to the extent it results from the "ownership, maintenance or use of a covered auto."

27. The "accident" that caused Park's "bodily injury" did not result from the "ownership, maintenance or use" of the tour bus.

28. As a result of the above-referenced provisions, the claims against the insureds in the underlying lawsuit are not covered under the Policy, and Redwood has no duties to Camping Car and/or Lee in the underlying lawsuit.

29. For these and other reasons, and due to a dispute as to whether Redwood has any duties to Camping Car and Lee in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Policy.

30. Redwood therefore seeks a judicial determination of its rights and obligations under the Policy with respect to its duties to Camping Car and Lee in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Redwood may ascertain its rights and obligations under the terms of its Policy.

WHEREFORE, Redwood brings this Complaint for Declaratory Relief against Defendants and prays for judgment as follows:

1. For a judicial determination that Redwood has no obligation to defend Camping Car and Lee in the underlying lawsuit;

2. For a judicial determination that Redwood has no obligation to indemnify any of the parties for any judgment or settlement reached in the underlying lawsuit;

3. For a judicial determination that the Redwood Policy provides no coverage for the claims asserted in the underlying lawsuit;

4. For reasonable attorneys' fees incurred herein;

5. For Redwood's costs incurred herein; and

6. For any other and further relief as this Court may deem just and proper.

DATED this 21st day of April 2020.

           BARRETT & MATURA, P.C.

           By /s/ *Kevin C. Barrett*
             Kevin C. Barrett
             Jennifer M. Bahling
             8925 E. Pima Center Pkwy., Suite 100
             Scottsdale, AZ 85258
             *Attorneys for Plaintiff Redwood Fire and Casualty Insurance Company*